**FILED**
**Jan 25, 2019**
**10:31 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| JACK T. HUFFAKER,<br>Employee, | ) | Docket No. 2017-03-1196 |
| v. | ) | |
| CAC OF KNOX COUNTY,<br>Employer, | ) | State File No. 13120-2016 |
| And<br>TENNESSEE MUNICIPAL LEAGUE<br>RISK MANAGEMENT–THE POOL,<br>Carrier. | ) | Judge Lisa A. Lowe |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (DECISION ON THE RECORD)

---

This matter initially came before the Court for an Expedited Hearing on August 14, 2018. Following that hearing, the Court found Mr. Huffaker established entitlement to medical evaluations of his knee and back, which CAC provided.

On November 28, Mr. Huffaker filed a motion seeking MRIs of his neck, shoulders, elbows, arms, and left leg and a second opinion on his ankle. The Court considered the motion as a request for expedited hearing on the record and issued a docketing notice. The parties agreed on a January 18, 2019 deadline for submission of information, objections to items listed in the docketing notice, and position statements. Both parties submitted position statements.

The legal issue is whether Mr. Huffaker is likely to establish at a hearing on the merits his entitlement to the requested MRIs and second opinion for his ankle. For the following reasons, the Court holds he did not come forward with sufficient evidence to meet his burden and denies the requested relief.

## History of Claim

Mr. Huffaker's work injury occurred when he fell while exiting his bus. After some initial treatment, orthopedist Dr. William R. Fly provided conservative treatment including a boot walker and physical therapy from February to June 2016. Due to Mr. Huffaker's persistent left-ankle swelling, Dr. Fly referred him to fellow orthopedist and foot specialist Dr. Mary Testerman. Dr. Testerman treated him from June to November 2016 with medications and physical therapy then released him with permanent restrictions and an impairment rating.

Following the first Expedited Hearing, the Court held that Mr. Huffaker presented sufficient evidence entitling him to a panel of physicians for evaluation and treatment of any work-related back or knee injury but not evaluations of his elbows or shoulders. As a result of that order, CAC provided two panels of orthopedic physicians, and Mr. Huffaker selected Dr. Michael Casey for evaluation of his knee and Dr. Colin Booth for his back.

Dr. Casey evaluated Mr. Huffaker and noted:

I do not feel that over two years later that this is truly an event from his fall. My diagnosis today is more patellofemoral pain with some early patellofemoral wear. I see no other evidence of internal derangement. I do not feel that this is directly related to his workers' compensation injury back in February 2016.

Dr. Booth evaluated Mr. Huffaker and wrote "the patient's issues are due to degenerative disc disease, which is long standing. His injury may have aggravated these symptoms but at two years out, I cannot say his current symptoms are due to any work injury."

Having received the above opinions, Mr. Huffaker requested MRIs of his neck, shoulders, elbows, arms, and left leg. Additionally, he was not satisfied with the ankle treatment received from Drs. Fly and Testerman and requested a second opinion under Tennessee Code Annotated section 50-6-204(3)(C) (2018).

CAC argued it provided Mr. Huffaker medical treatment related to his work injury and he is not entitled to a second opinion of his ankle injury. Further, neither Dr. Casey nor Dr. Booth related Mr. Huffaker's current complaints to the work injury, and no treating physician recommended the requested MRIs. Finally, CAC argued Mr. Huffaker's request for additional treatment should be denied because he offered no medical proof establishing a connection between his current need for treatment and the work injury.

## Findings of Fact and Conclusions of Law

Mr. Huffaker need not prove every element by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence showing he would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Mr. Huffaker must establish that the injury arose primarily out of and in the course and scope of employment. To establish that the injury arose primarily out of the employment, he must show "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." The term "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." *See* Tenn. Code Ann. §50-6-102(14)(C)-(D). Thus, causation must be established by expert medical testimony.

First, Mr. Huffaker seeks MRIs, which no physician recommended, for multiple body parts. Although the Court is aware of Mr. Huffaker's sincerely held belief that his current conditions and need for treatment arose primarily out of his work injury, his lay opinion alone is legally insufficient to establish the essential element of medical causation. Thus, the Court holds Mr. Huffaker failed to establish he is likely to prevail at a hearing on the merits that he is entitled to the requested MRIs.

Second, Mr. Huffaker seeks a second opinion for his ankle under Tennessee Code Annotated section 50-6-204(3)(C), which affords an employee a second opinion on the issue of surgery and diagnosis. *Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *19-21 (Dec. 29, 2016). None of the treating physicians recommended surgery. Therefore, the Court holds Mr. Huffaker failed to establish he is likely to prevail at a hearing on the merits that he is entitled to a second opinion.

**IT IS, THEREFORE, ORDERED** as follows:

1. CAC is not obligated to provide the requested MRIs or a second opinion on his ankle injury. However, Mr. Huffaker may return to Dr. Testerman for ongoing reasonable, necessary, and related medical treatment for his work-related left ankle injury.

2. This matter is set for a **Status Hearing/Scheduling Conference** on **March 28, 2019, at 2:30 p.m. Eastern Time**. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Status Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

3

**ENTERED on January 25, 2019.**

*Lisa A. Lowe*

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion for Extension of Time
4. Order Granting Motion for Extension of Time
5. Order Granting Employee's Second Motion for Extension of Time
6. Request for Expedited Hearing
7. Expedited Hearing Order Granting Medical Benefits
8. Motion for Further Diagnostic Testing with photographs
9. Employer's Response and Memorandum in Opposition to Employee's Motion for Further Diagnostic Testing
10. Mr. Huffaker's position statement (email dated January 13, 2019)

Exhibits:

1. Affidavit of Jack T. Huffaker
2. Hand-written Statement of Jack T. Huffaker
3. First Report of Work Injury
4. MRI of Outpatient Diagnostic Center at Knoxville, dated March 7, 2016
5. Panel of Physicians, Form C-42, Selection Date of February 19, 2016
6. Medical Report of Dr. M. Chris Testerman, dated November 8, 2016
7. Medical Records of Knoxville Orthopedic Clinic
8. Photographs of Lower Extremities
9. Text Message to Susan Dowling, dated August 29, 2016
10. Email of Kellie Earls, dated October 12, 2016
11. Affidavit of Kellie Earls
12. Executed Panel of Physicians for Back Injury
13. Executed Panel of Physicians for Knee Injury
14. August 30, 2018 letter from The Poole to Mr. Huffaker
15. September 26, 2018 Medical Record of Dr. Michael Casey and causation response
16. October 3, 2018 Medical Record of Dr. Colin Booth

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on January 25, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Jack T. Huffaker, Self-Represented Employee | X | | X | Jack T. Huffaker<br>516 Kay Drive<br>Strawberry Plains, TN 37871<br>debandjack@comcast.net |
| Hanson R. Tipton, Employer's Attorney | | | X | htripton@watsonroach.com |

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov